IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01784-GPG-STV

JESSE ZACHARY,

    Plaintiff,

v.

NARVA COURTNEY, Lt.,
CAPTAIN BIENAVIDAS,
CAPTAIN SHERWOOD,
ASSISTANT WARDEN BORJA, and
LAW LIBRARIAN MS. LOVERN,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Chief Magistrate Judge Scott T. Varholak

    This civil action is before the Court sua sponte upon failure to appear at Court proceedings and failure to update his address with the Court. For the following reasons, the Court respectfully **RECOMMENDS** that this case be **DISMISSED** based upon Plaintiff's failure to prosecute and that Defendants' Motion to Dismiss Amended Complaint [#92] be **DENIED** as moot.

    Plaintiff, proceeding pro se, initiated this civil action on July 12, 2023. [#1] Since then, Plaintiff has failed to update his mailing address with the Court and has failed to appear at a hearing in this matter. Specifically, on February 18, March 4, and March 7, 2025, mail sent to Plaintiff at his address listed with the Court as Fremont Correctional Facility (FCF) P.O. Box 999 Canon City, CO 81215-0999 was returned as undeliverable,

1

apparently because he was no longer in the custody of that facility.  [##97, 98, 107, 108] On February 20, 2025, Plaintiff filed a Motion to Request 90-day Extension and to Object to Dismissal, which included a new address in the signature block: 239 Fairmont St. Colorado Springs, CO 80910.  [#103]  On June 2, 2025, the Court set a status conference for June 18, 2025 at 3:00 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak.  [#111]  A copy of the Order was mailed to Plaintiff at 239 Fairmont St. Colorado Springs, CO 80910.  [#112]  On June 18, 2025, Plaintiff failed to appear either in-person or by telephone at the status conference.  [#113]  On that same date, this Court issued an Order to Show Cause and mailed it to Plaintiff at his address of record.  [##115, 116] That Order specifically advised Plaintiff that "**failure to comply with this Order and timely show cause on or before July 11, 2025 may result in the dismissal of this action without any further notice to or opportunity to be heard by Plaintiff.**"  [#115 at 3 (emphasis in original)]   On June 30 and July 1, 2025, mail sent to Plaintiff at his address listed with the Court was returned as undeliverable.  [##117, 118]

      Although Plaintiff proceeds pro se, a party's pro se status does not exempt them from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008).  The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

      Pursuant to D.C.COLO.LCivR 5.1(c), "[n]otice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than

five days after the change."  More than five days have passed since Plaintiff indicated that his address changed and Plaintiff still has not updated his address with the Court.  Obviously, it is not possible for the Court to efficiently or effectively oversee the adjudication of Plaintiff's case without valid contact information for Plaintiff.  Moreover, Plaintiff has not taken any action to prosecute his claims against Defendants since his Motion to Request 90-day Extension and to Object to Dismissal on February 20, 2025. [#103]

Based upon Plaintiff's failures to attend hearings set by the Court and update his address with the Court, or take otherwise appropriate actions to prosecute this case, the Court finds it appropriate to issue this Recommendation for dismissal based upon Plaintiff's failure to prosecute his claims.[1]  Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders."[2]  *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7,

---

[1] "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

[2] Dismissal also is appropriate under Federal Rule of Civil Procedure 16(f)(1), which provides, in part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order."  Rule 37(b)(2)(A)(v) permits the Court to sanction a party by "dismissing the action or proceeding in whole or in part."

2017) (citing *Link v. Wabash R. Co.*, 370 U.S. 616, 630–31 (1962)). Accordingly, D.C.COLO.LCivR 41.1 states that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

In considering dismissal under Rule 41(b) based on a party's failure to comply with a court order, courts in the Tenth Circuit have considered the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 Fed. App'x 928, 931 (10th Cir. 2015). The Court finds that all of these factors weigh in favor of dismissal.

First, Defendants have suffered actual prejudice as a result of Plaintiff's failure to comply with Court deadlines and attend Court hearings. Specifically, Defendants continue to experience delay and uncertainty in the resolution of the claims against them. Second, the amount of interference with the judicial process is significant as Plaintiff has failed to appear at hearings at which he had an obligation to appear. Third, Plaintiff appears to be solely responsible for his failure to attend Court hearings. Fourth, the Court previously warned Plaintiff that his failure to comply with the duly issued Order to Show Cause may result in a recommendation of dismissal. [#115] Finally, there does not appear to be any lesser sanction that would be effective, as Plaintiff has been unresponsive to orders from this Court. Accordingly, this Court respectfully

4

**RECOMMENDS** that this action be **DISMISSED**. The Court further **RECOMMENDS** that Defendants' Motion to Dismiss Amended Complaint [#92] be **DENIED** as moot.[3]

DATED:  July 14, 2025                                    BY THE COURT:

                                                          s/Scott T. Varholak
                                                          Chief United States Magistrate Judge

---

[3] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla* (*In re Griego*), 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).